UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA S. SPENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:10 CV 1847 RWS |
| v. ) | |
| ) | |
| SUPERVALU, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiff's motions to remand. On January 13, 2011 Plaintiff filed a motion to remand case to state court [#21]. On January 18, 2011 Plaintiff filed an amended motion to remand case to state court [#24]. A hearing was held on the record on Plaintiff's motions to remand on February 22, 2011. Defendant Tyson Foods opposes Plaintiff's motions to remand arguing they were untimely filed. Because I find that Plaintiff's affidavits fail to provide a sufficient basis for me to conclude the jurisdictional amount in controversy does not exceed $75,000, I will deny Plaintiff's motions to remand [#21 and #24] without prejudice.

Plaintiff Spence filed this product liability action in Circuit Court of St. Louis County, State of Missouri. Plaintiff alleges that she became sick after consuming salmonella contaminated fried chicken that was manufactured by Defendant Tyson Foods, Inc. and was sold and distributed by Defendant Supervalu, Inc. Defendant Tyson removed this case on October 1, 2010 based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff seeks to remand the case arguing that federal subject matter jurisdiction is lacking because the amount in controversy is less than $75,000 exclusive of interest and costs.

Plaintiff has filed two motions to remand and several affidavits in support of her motions,

stating she is willing to settle the case for $15,000 and that she consents to the case being remanded to state court. During the hearing on Plaintiff's motion to remand, I informed Plaintiff's counsel that the motion to remand would not be granted based on the affidavits that had been filed as of that date because Plaintiff failed to state that she would not seek and would not accept greater than $75,000 in state court and failed to state that she would be bound by the affidavit in state court.

Defendant Tyson Foods opposes Plaintiff's motion to remand on the basis that Plaintiff's motion is untimely. "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within thirty days after the filing of the notice of removal under section 1446(a). *If at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). Here, Plaintiff argues that subject matter jurisdiction is lacking because the jurisdictional amount in controversy does not exceed $75,000. As a result, the thirty day window for Plaintiff to file her motion to remand under section 1447(c) is not applicable and her motion to remand is not untimely.

The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. The party seeking removal must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

On February 28, 2011 Plaintiff filed an affidavit that indicates she will not seek damages in excess of $75,000 in this case [#31-1]. As discussed at the hearing on Plaintiff's motion to remand, in order for there to be a sufficient basis for me to conclude that the jurisdictional amount in controversy does not exceed $75,000, Plaintiff must file an affidavit that states she will not seek nor accept greater than $75,000 in damages in state court and that she will be bound by the affidavit in state court. None of the affidavits filed by Plaintiff in support of her motion to remand satisfy this criteria. At this time there is not a sufficient basis for me to conclude the jurisdictional amount in controversy does not exceed $75,000. As a result, I will deny Plaintiff's motion to remand without prejudice.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion to remand case to state court [#21] is **DENIED** without prejudice as moot and Plaintiff's motion to remand [#24] is **DENIED** without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2011.