UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA S. SPENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:10 CV 1847 RWS |
| v. | ) |
| | ) |
| SUPERVALU, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before me on Plaintiff's Motion to Remand [#33]. Plaintiff seeks to remand the case arguing that federal subject matter jurisdiction is lacking because the amount in controversy is less than $75,000 exclusive of interest and costs. On March 2, 2011 I denied Plaintiff's previous motions to remand because Plaintiff's affidavits failed to provide a sufficient basis for me to conclude the jurisdictional amount in controversy does not exceed $75,000. Because Plaintiff has filed a supplementary affidavit from which I can conclude the jurisdictional amount in controversy does not exceed $75,000, I am without jurisdiction to hear this case and will grant Plaintiff's Motion to Remand.

Plaintiff Spence filed this product liability action in Circuit Court of St. Louis County, State of Missouri. Plaintiff alleges that she became sick after consuming salmonella contaminated fried chicken that was manufactured by Defendant Tyson Foods, Inc. and was sold and distributed by Defendant Supervalu, Inc. Defendant Tyson removed this case on October 1, 2010 based on diversity of citizenship under 28 U.S.C. § 1332.

The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. <u>In re Business Men's Assurance Co. of America</u>, 992 F.2d 181, 183

(8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. The party seeking removal must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

On March 3, 2011, Plaintiff filed an affidavit that indicates that upon remand she "will not seek nor accept greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in state court" and that she "will be bound by this affidavit in state court." [#33]. As a result, I find that the affidavit provides a sufficient basis to conclude that the jurisdictional amount in controversy does not exceed $75,000.

Because subject matter jurisdiction is lacking in this case, 28 U.S.C. § 1447(c) requires that the case be remanded to the state court from which it was removed. Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Linda Spence's Motion to Remand [#33] **GRANTED**.

An Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2011.